UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

FILED
November 24, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____JP_____
DEPUTY

| | |
|---|---|
| **CLAUDIA PATRICIA ZERTUCHE,** *Plaintiff,* § § § § | |
| v. § § | Case No.: **DR:24-CV-00067-EG-MHW** |
| **UNITED STATES OF AMERICA,** *Defendant.* § § § § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the Report and Recommendation of the Honorable United States Magistrate Judge Matthew H. Watters (the "R&R"), ECF 28, filed on August 18, 2025. Judge Watters recommends that the Court deny both the Government's Motion to Dismiss and the Government's Motion for Summary Judgment, filed concurrently as Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (collectively the "Motions"), ECF 16, filed on February 26, 2025. Having conducted a de novo review of the R&R, the record, and the applicable law, the Court finds that the R&R should be **ADOPTED** and the Motions **DENIED**.

## I.  BACKGROUND

This case concerns a Federal Tort Claims Act ("FTCA") claim arising from an alleged automobile accident between Plaintiff and John Robert Perry, a United States Border Patrol agent. (Compl. ¶¶ 5.1–5.4, ECF No. 1). The FTCA allows plaintiffs to bring certain state-law tort claims against the United States for torts committed by federal employees acting within the scope of their employment, provided that the plaintiff alleges the six statutory elements of an actionable claim. 28 U.S.C. § 1346(b); *Brownback v. King*, 592 U.S. 209, 212 (2021).[1]

---

[1] To invoke the FTCA's limited waiver of sovereign immunity, a plaintiff must allege that: "(1) the claim is against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of a government employee; (5) acting within the scope of employment;

1

Here, Plaintiff alleges that Agent Perry rear-ended her in a Border Patrol-owned vehicle while she was driving her niece and daughter to Del Rio High School. (Compl. at ¶¶ 5.1–5.4). She alleges that she sustained bodily injuries because Agent Perry "was distracted when he dropped his phone and attempted to pick it up, causing him to take his eyes off the roadway." (*Id.* at ¶ 1.1).

On February 26, 2025, the Government filed a Motion to Dismiss under Rule 12(c) and, in the alternative, a Motion for Summary Judgment, asserting that jurisdiction was lacking under the FTCA. (Motions). On August 18, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the Motions be denied. (R&R at 1, ECF No. 28). The Government filed timely objections to the R&R on September 2, 2025. The Government argued (1) that the Complaint fails to plausibly allege that Agent Perry acted within the scope of his employment and (2) that summary judgment should have been granted—or, at least, not deferred—because sovereign immunity must be resolved before discovery. (Gov.'s Objections at 3, 5, ECF No. 31). Plaintiff filed a response to those objections on September 4, 2025. (Pl.'s Resp., ECF No. 33). In light of the Government's Objections, the Court now undertakes a de novo review of the matter.

## II.    LEGAL STANDARD

Title 28, Section 636(b)(1) of the United States Code grants magistrate judges authority to consider and handle both non-dispositive and dispositive pretrial matters, subject to different standards of review by a district court judge. Section 636(b)(1)(A) permits district judges to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," except for

> a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant,

---

and (6) under circumstances where a private person would be liable under the law of the place where the act occurred." *Brownback v. King*, 592 U.S. 209, 212 (2021).

2

to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

Nonetheless, Section 636(b)(1)(B) authorizes district judges to refer dispositive issues, such as the Motions at issue here, to a magistrate judge for proposed findings of fact and recommendations. Pursuant to Section 636(b) and Federal Rule of Civil Procedure 72(b), the parties may serve and file specific, written objections to the magistrate judge's proposed findings within 14 days after being served with a copy of the Report and Recommendation, thereby securing de novo determination of matters "to which objection is made." *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

### III.     ANALYSIS

A.  Motion to Dismiss

The Court first addresses the Government's Rule 12(c) challenge to the sufficiency of Plaintiff's allegations under the FTCA, namely, whether those allegations plausibly establish that Agent Perry acted within the course and scope of his employment. (Gov's Objections, at 3–5). That determination not only resolves the Rule 12(c) inquiry, but it also guides the Court's assessment of the Government's Alternative Motion for Summary Judgment because sovereign immunity must be resolved at the earliest possible stage, and discovery cannot proceed unless the pleadings withstand the immunity defense. *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam).

<u>1. Rule 12(c) Standard</u>

In its Motion to Dismiss, the Government argues that Plaintiff has neither established the Court's jurisdiction nor stated a claim because the Complaint's factual allegations are insufficient to plausibly show that the United States has waived sovereign immunity. (Motions at 4–6, ECF

No. 16). Because the Government brings this challenge through a Rule 12(c) motion for judgment on the pleadings, the Court applies the familiar Rule 12(b)(6) standard. *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022). To survive dismissal, Plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face." *Id.*

    2. Scope of Employment under Texas Law

The central issue in this case is whether Agent Perry was acting within the "course and scope" of his employment. This question also determines the Court's jurisdiction under the FTCA.[2] Because the conduct at issue occurred in Texas, Texas law supplies the rule of decision governing the course-and-scope analysis. *See Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (stating that the scope of employment determination is governed by the law of the state where the claim arises).

Under Texas law, an employee acts within the course and scope of employment when performing duties that: (1) fall within the general authority conferred by the employer; (2) are in furtherance of the employer's business; and (3) are intended, at least in part, to accomplish the employer's purpose. *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125, 129 (Tex. 2018). Those principles guide the Court's analysis of whether Plaintiff's allegations plausibly establish that Agent Perry's actions fell within that scope.

    3. Analysis

The Government contends that the facts in Plaintiff's Complaint are insufficient to show that Agent Perry was acting within the course and scope of his employment when the accident occurred. (Motions, at 3); (Gov.'s Objections, at 5) To support that position, the Government cites

---

[2] *Id.*; Under the FTCA, course-and-scope is not merely an element of the cause of action; it is also a jurisdictional requirement. *See Brownback*, 592 U.S. at 217 (explaining that "all elements of a meritorious claim are also jurisdictional").

Texas case law holding that "[w]hether a peace officer was on duty or off is not dispositive as to whether she was acting within her employment's scope . . . . Nor is the officer's use of a police vehicle dispositive[.]" (Motions at 3) (citing *City of Houston v. Mejia*, 606 S.W.3d 901, 905 (Tex. App.—Houston [14th Dist.] 2020, pet. dism'd w.o.j.)). Instead, it asserts that courts "must examine the capacity in which the officer was acting at the time she committed the allegedly tortious act," meaning "what the officer was doing and why she was doing it." (*Id.* at 7) (citing *Mejia*, 606 S.W.3d at 905). In essence, the Government argues that the non-dispositive facts in Plaintiff's Complaint, standing alone, fail to state a claim under the FTCA.

    The Government's argument improperly collapses dispositive proof standards under Texas tort law into pleading sufficiency standards under federal civil procedure. It is undisputed that Texas law governs whether Agent Perry's conduct falls within the course and scope of his employment. 28 U.S.C. § 1346(b)(1); *see Bodin*, 462 F.3d at 484 (stating that the scope of employment determination is governed by the law of the state where the claim arises). But federal law provides the standard for assessing the sufficiency of Plaintiff's allegations. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). So while Texas law defines the elements and factors relevant to the "course and scope" inquiry, those evidentiary principles do not control the federal plausibility analysis. The Rule 12(c) inquiry only asks whether Plaintiff has alleged facts that, if true, plausibly suggest that Agent Perry was acting within the scope of his employment. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007);

    The Court acknowledges that the facts alleged in Plaintiff's Complaint may not ultimately be dispositive. But the Complaint's initial presentation of non-dispositive facts does not mean that dispositive facts are absent from the circumstances. As the Supreme Court has recognized, "[i]n the unique context of the FTCA, all elements of a meritorious claim are also jurisdictional."

*Brownback*, 592 U.S. at 217. Consequently, "[d]ismissal for lack of subject-matter jurisdiction . . . . is proper only when the claim is so . . . 'completely devoid of merit as not to involve a federal controversy.'" *Id*. (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 89 (1998)). A plaintiff "need not *prove* a § 1346(b)(1) jurisdictional element for a court to maintain subject-matter jurisdiction . . . ." *Id.* at 210 (emphasis in original). They only need to "plausibly allege all six FTCA elements . . . to establish subject-matter jurisdiction." *Brownback,* 592 U.S. at 217–18. The court concludes that Plaintiff has done so here.

The Court further notes that Texas law recognizes a presumption that a driver acts within the scope of employment when "it is proved that the employer owned the vehicle and employed the driver." *Lara v. City of Hempstead,* No. 01-15-00987-CV, 2016 WL 3964794 at *4 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) (mem. op.). The Court need not address the applicability or effect of that presumption at this stage because, notwithstanding that presumption, Plaintiff's allegations independently satisfy the federal pleading standard under *Twombly* and *Iqbal*. The Complaint states that Agent Perry was an employee of the United States Border Patrol, was on duty at the time of the collision, and was driving a government-owned patrol vehicle. (Compl. at ¶¶ 5.1–5.4). Taken together, those allegations nudge the claim across the line from conceivable to plausible. Whether Agent Perry was in fact acting within the course and scope of his employment is a question for summary judgment, not for dismissal on the pleadings. Accordingly, the court agrees with the Magistrate Judge's finding that Plaintiff has asserted a plausible claim for relief, and the Motion to Dismiss must be denied.

B. Motion for Summary Judgment

The Court now turns to the Government's alternative request for summary judgment and considers whether the present, pre-discovery record permits resolution of the jurisdictional course-and-scope issue as a matter of law, or whether further limited discovery is necessary.

1. Rule 56 Summary Judgment Standard

Summary judgment is only proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Whitt v. Stephens Cnty.*, 529 F.3d 278, 282 (5th Cir. 2008). It is warranted when, after adequate time for discovery, a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is genuine "if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). In deciding a motion for summary judgment, the court must review the entire record, assessing the facts in the light most favorable to the nonmovant. *Id*.

2. Analysis

The Government objects to the R&R's summary-judgment recommendation on the ground that Plaintiff has not produced evidence sufficient to overcome Texas's "coming-and-going" rule. (Gov.'s Objections at 5–6). In its view, the undisputed facts establish that Agent Perry was commuting at the time of the collision, and Plaintiff has offered no competent evidence placing him within any exception to that rule. (*Id.*)

Under the coming and going rule, an employee is generally not acting within the course and scope of employment while traveling to and from work. *Painter,* 561 S.W.3d at 139. However,

Texas courts recognize a "special-mission exception" to this general rule. *Cameron Int'l Corp. v. Martinez*, 662 S.W.3d 373, 376 (Tex. 2022) (citing *Painter,* 561 S.W.3d at 139). The exception applies when "travel involves the performance of regular or specifically assigned duties for the benefit of the employer." *Id.* The employer's benefit need only be slight. *See e.g., Mejia*, 606 S.W.3d at 907 (holding that an off-duty officer driving a government vehicle to her home because it was more convenient for her supervisor created at least a fact issue on course and scope).

Here, the record demonstrates at least a genuine dispute as to whether Agent Perry's travel fell within the special-mission exception. Although Agent Perry was commuting, several facts distinguish this case from an ordinary "coming and going" scenario. The record indicates that Agent Perry was (1) driving *during* his working hours, (2) handling his agency-issued phone, and (3) believed by his supervisor to be acting within his scope of duties when the accident occurred.[3] Those facts, if corroborated through discovery, could place Agent Perry's travel within the special-mission exception and therefore within the course and scope of his employment.

As the R&R correctly concluded, the present record is insufficient to determine whether Plaintiff has overcome the Government's immunity defense. (R&R at 11–13). Because discovery has not yet occurred, there remains a reasonable possibility that further factual development could enable Plaintiff to defeat summary judgment in favor of the Government. Entering summary judgment at this stage would therefore be premature. *See Williamson v. USDA*, 815 F.2d 368, 382 (5th Cir. 1987) (holding that "a ruling that denies a party an adequate opportunity to discover facts to oppose a motion for summary judgment is unreasonable if summary judgment is subsequently entered against that party").

---

[3] The Court agrees with the R&R's analysis of this fact. Although the supervisor's statement is not a legal conclusion, it raises a factual question as to why the supervisor held that belief and suggests that he may have had knowledge about Agent Perry's trip that is not reflected in the present record. *See* (Motions, Ex. B at 4).

The Court also agrees that sovereign immunity must be addressed at the earliest possible stage of the litigation. *Guadarrama*, 3 F.4th at 133; *Carswell v. Camp*, 54 F.4th 307, 312 (5th Cir. 2022). A court "may not defer ruling" or "permit discovery—cabined or otherwise—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense." *Carswell*, 54 F.4th at 312 (internal quotations omitted). The Court has satisfied that requirement here: as explained above, Plaintiff's Complaint plausibly alleges that Agent Perry was acting within the course and scope of his employment, and the Court has therefore denied the Government's Motion to Dismiss.

Because Plaintiff has met the minimal pleading requirement necessary to establish a plausible FTCA claim, and because the court cannot adequately rule on the immunity defense without further clarification of the facts, limited discovery is appropriate to develop the jurisdictional record. *Zapata v. Melson*, 750 F3d 481, 485 (5th Cir. 2014). Accordingly, the R&R properly recommended denying summary judgment without prejudice to refiling after discovery.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the Honorable United States Magistrate Judge Matthew Watters, ECF 28, is **ADOPTED** and that the Government's Motions, ECF 16, are **DENIED**.

**SIGNED**, this 24th day of November 2025.

_____
ERNEST GONZALEZ
UNITED STATES DISTRICT JUDGE